May it please the Court, Counselor, my name is Lawrence O'Neill and I represent Mr. Godfrey in this case. This is a direct appeal following Mr. Godfrey's conviction by a jury of three counts of criminal sexual assault, aggravated battery of a peace officer, disarming a peace officer, and attempt escape. Mr. Godfrey has raised three issues in this appeal. In argument one, I ask this Court to reverse his convictions and remand for a new trial because Mr. Godfrey received ineffective assistance of trial counsel. There are many serious instances of ineffective assistance of counsel here, but I will begin my presentation with the most egregious prejudicial errors that so undermine the proper function of the adversarial process that the result of the trial is now reliable. First, counsel failed to request a severance of the three criminal sexual assault charges from the other charges that occurred at the police station where Mr. Godfrey was in custody on the sexual assault charges. Section 114A of the Code gives the Courts the power to sever charges and order new trials if the defendant will be prejudiced by a joiner of the charges. A defense counsel will be ineffective for failing to sever the charges when one or more of the charges will have a prejudicial impact on the other charges. Here, the charged offenses were separate, unrelated offenses that were not part of the same comprehensive transaction. The conduct forming the basis of the aggravated battery, disarming a peace officer, and attempt escape charges were entirely different from the conduct forming the basis of the criminal sexual assault charges. These offenses took place at an entirely different location and time from the sexual assault charges, and they involved different people and witnesses. Counsel's decision not to sever the charges caused prejudice to the defense on the criminal sexual assault charges. In closing argument, trial counsel essentially conceded Mr. Godfrey's guilt on the charges that occurred at the police station. In closing argument, counsel regarding the aggravated battery said, The video was clear. I'm not going to argue aggravated battery. My client attacked the officer. As to the attempt escape, the defense counsel stated, It's on the video. He's running away from the officer. I don't have an argument on that. As such, the jury evaluated Mr. Godfrey's credibility on his criminal sexual assault charges, where he claimed that the sexual encounter was consensual, knowing that he pleaded not guilty to the police station-related charges, but that his attorney admitted his guilt in closing argument. Moreover, the lack of severance exposed the jury to a video of Mr. Godfrey throwing an officer to the ground and choking him. This allowed the jury to view Mr. Godfrey's propensity to commit violent crime. Through this video, the jury had a visual demonstration of Mr. Godfrey's violent capability, which the prosecutor then, in closing argument, latched upon and asked the jury to consider that video and Mr. Godfrey's violent attack of a police officer in the video when you're violent attack on the complainant in the criminal sexual assault charges. Severing the sexual assault charges would have prevented the jury from seeing this video clip. It cannot be understated the presidential impact from the video had on the sexual assault charges. When counsel conceded the police station-related charges, there was no rational reason for not requesting a severance. Counsel... So wouldn't you agree that the fact that he attempted to escape and attack the police officer could be considered probative of his guilt of the sexual assault that he denied? Well, Your Honor... Leaving aside the prejudice part of it. Yes, Your Honor. If it was admitted to show consciousness of guilt, for example, the courts are, the way that prejudice proves the probative value of that evidence regarding consciousness of guilt, the courts are cautious to not include too much extraneous prejudicial evidence regarding showing the consciousness of guilt. And I submit to the court that if it was the video, whether the police-related incident was admitted in a separate criminal sexual assault charges, the trial judge would not have allowed the full presentation of evidence regarding the police station-related offenses, including the video, because it would have been too prejudicial. In other words, there was considerably more prejudicial evidence presented at a joint trial as there would have been at a separate trial. And also, counsel could not have been going for an all-or-nothing strategy because he conceded guilt on the police-related station, the police station-related offenses. Trial counsel's failure to recognize the prejudicial impact that a concession of guilt and a video demonstrating Mr. Godfrey attacking and choking a police officer cannot be underestimated and it was objectively unreasonable. Moreover, but for counsel's error, in conjunction with all the other errors of ineffective assistance of counsel, there's a reasonable probability that the outcome of the trial on the sexual assault charges would have been different. Well, counsel, I mean, that was pretty overwhelming, was it not, at the trial, as far as the sexual assaults. I mean, you had evidence, you know, you've got a few witnesses, not direct witnesses, but were in the apartment, went on for several hours, and I mean... Well, your Honor... I don't know why it would have made a difference. Your Honor, first of all, the evidence is not overwhelming regarding the question of whether the complainant consented to the sexual encounter. And if you remove all of the errors, all of the evidence that was admitted by counsel's ineffective assistance, then essentially the case comes down to whether the jury believed the complainant's claim that the sexual encounter was not consensual against Mr. Goffey's claim that it was, and the complainant's description of what occurred on the video that was taken during the sexual encounter. So I submit, Your Honor, there was definitely evidence that Mr. Goffey was in the apartment and there was drinking and all of that, but the question of consent, the evidence is not overwhelming on it, and if you factor in all of the evidence, all of the evidence that came in because of counsel's ineffectiveness, then I cannot say, we cannot say that the evidence was overwhelming. The second error by counsel was actually elicited testimony from Mr. Goffey about his criminal history that was inadmissible because it fell outside of the 10-year Montgomery limitation period. At trial, counsel asked Mr. Goffey on direct examination whether he had a criminal history, and then Mr. Goffey answered, mostly at a young age, most of these convictions were at a young age. I had car thefts, residential burglaries, and two aggravated batteries of a correctional officer. These prior convictions would not have been admissible as impeachment under Montgomery because they were outside the 10-year limitation period. Not only were these prior convictions inadmissible because they were outside the 10-year limitation period, but they were not admissible as impeachment because the state never sought to admit them and the court did not conduct a balancing test as required by Montgomery. Mr. Goffey was prejudiced by counsel's decision to elicit these prior convictions because the jury then evaluated his credibility with convictions that would not have been admissible. Again, Mr. Goffey's credibility was the entirety of his case. His claim that the sexual encounter was consensual. Counsel's elicitation of Mr. Goffey's inadmissible prior convictions was clearly detrimental to Mr. Goffey's credibility. Counsel also provided ineffective assistance where she questioned Mr. Goffey about some of his criminal history that opened the door for the state to impeach him with some of These convictions would have been admissible because the court did not perform a Montgomery balancing test because the state did not seek to impeach him with these prior convictions. It is generally improper to cross-examine a defendant about his prior convictions because it magnifies the prejudicial effect of that prior conviction. Thank you, Your Honors. Thank you, counsel. We have an opportunity for rebuttal. May it please the Court? Counsel. Jennifer Camden on behalf of the people. I'd like to begin by addressing what it means for a case to be a credibility contest. That's relevant to the prejudice analysis in multiple defendants' issues, including the issue of the admission of defendants' criminal history or part of his criminal history. A case is a credibility contest when it has to come down to credibility because there's no evidence either way. That's what the Illinois Supreme Court stated in Sevey and Naylor cases, that a case is a credibility contest where both parties' versions of events were credible and there's no extrinsic evidence presented to corroborate or contradict either version. So the issue isn't whether a case involves a credibility determination. That's going to be true of any case in which there's testimony. But whether that's all there is to a case. And in this case, although the parties gave conflicting testimony about whether the victim consented to sex acts, it is certainly not true that their testimony was equally plausible or that there was no extrinsic evidence corroborating or disproving that evidence either way. Now, the defendant argues that all of that, that the case did come down to credibility when one discounts the evidence implicated by his various claims of ineffective assistance of counsel. But in fact, there was loads more evidence not implicated by any claim of ineffective assistance of counsel that did corroborate the victim's testimony and disprove the defendant's claims, including evidence from the victim's fitness tracker that night, the roommate's testimony corroborating the victim's testimony on multiple points, the evidence of the victim's urine-soaked clothing in her closet, corroborating her testimony that he forced her to urinate in her closet. By the way, he didn't deny that. Evidence that she gave him money after the encounter was over, that he forced her to an ATM machine. He didn't deny that he did that. Evidence that he gave conflicting statements to the police versus what he testified to. He told police the day after the event that he wasn't at her home, that he didn't have a sexual encounter. That's not a hallmark of a consensual sexual encounter. Evidence that the victim didn't know the defendant at all and that he was simply to her an unwanted party guest that wouldn't leave, one who she had found very creepy and who had irritated her best friend that night. Evidence that the victim immediately reported the assault. There's a 9-1-1 tape. There's a videotape of the assault itself occurring on which he's repeatedly demanding that she express consent. Say it on the camera, he says. She repeatedly says it hurts. He denied at trial that he had heard her say that, even though on the video he's affirming that he's hearing her say that. He orders her to say, I'm in love with Tony, repeatedly. Tony being the fake name that he gave her. By the way, that's corroborated by one of her roommate's testimony who also testified that he told her that his name was Tony. So there's lots of other evidence. I'm sorry I'm omitting some, but it's all in the state's brief. That supports her version of events and undercuts his version of events. His testimony was internally inconsistent, halting, and conveniently claimed intoxication when pressed on various points. So this is not a case of a credibility contest, because there was much more to this case than the jury's determination of which witness it found to be credible. So it's in that spirit that this Court should consider the defendant's claims of prejudice in the claims of ineffective assistance and also the Rule 431B claim. As to the severance argument, I do just want to argue that whereas here counsel does not make a motion for severance, it can be presumed that that decision was based on an all-or-nothing strategy. And an all-or-nothing strategy is unreasonable only if it's based on a misapprehension of law or it's the equivalent of withdrawing an instruction on a lesser-included offense. And the defendant isn't arguing either theory here. Instead, he's arguing that the defendant couldn't have been pursuing an all-or-nothing strategy because she ended up offering no argument as to two of those three claims. But performance must not be judged in hindsight, and counsel at trial did cross-examine that police officer regarding the aggravated battery and escape charges and apparently decided not to argue that the state didn't meet its burden of proof on them. But that doesn't mean that her pretrial decision to give the state only one bite of the apple, only one chance to prove the defendant guilty of all charges, was an unreasonable one. And as for the defendant's argument now that if severance had been granted, the jury would have heard less of the evidence on the escape claims. And by the way, I do agree, Your Honor, that the evidence of escape was probative of his consciousness of guilt or his escape attempt was probative of consciousness of guilt of sexual assault. So that evidence would have been admissible. Now he's arguing that some of it wouldn't have been. But consider how attenuated that we're getting now. Now we're talking about the likelihood of a success on a motion in limine, presumably, to bar some of that evidence coming in as extraneous. I'd argue that that's too attenuated of an argument. And I'd argue that the jury seeing the video of the defendant's takedown of the officer wouldn't have made the difference if the jury had only heard the police officer's testimony that the defendant did what he did. And again, the defendant's failure to move to sever can't have resulted in prejudice because evidence of the escape attempt still would have been admissible to show consciousness of guilt, and evidence of guilt on the sexual assault charges was overwhelming. I also challenge in the answer brief whether a motion to sever would have indeed been denied or would have been granted, as the defendant argues, given the application of the Gapsky factors here. And the State argues that there was an identity of evidence, an overlap of the evidence between the two sets of charges, including the fact that the evidence of the escape was probative of consciousness of guilt. But as far as there being one transaction, they were pretty remote in time, weren't they? Well, Your Honor, they occurred the same day. The sexual assault was early in the morning on one day, and then he was arrested about 12 hours later, perhaps. Of course, that would have occurred sooner had he not fled the scene of the sexual assault. He lived about a block away from the victim's home, and the police looked for him there, but he had already fled to a local motel, and he was found about 12 hours later. So there was some amount of distance there. But people cite a case in the answer brief saying that that factor alone doesn't determine whether a motion to sever should be granted or denied. Also relevant is the identity of evidence and whether there was a common method in the offenses. And in fact, people cite a case, the Walston case, stating that where offenses are part of the common scheme, meaning part of a larger criminal endeavor, as where a defendant commits a crime and then commits more crimes while attempting to flee, that severance isn't necessary, that joint is proper. And, of course, that's exactly what occurred here. There are a number of other claims of ineffective assistance that the defendant's making here. I'd be happy to answer any questions that the Court has about any of those. With regard to the evidence of the prior convictions that the defendant mentioned today, the prejudice analysis for the admission of prior convictions is that where proof of prior convictions is wrongly admitted for impeachment purposes, prejudice exists if the case amounts to a credibility contest. And as I've argued here today, the case did not amount to a credibility contest. Therefore, even if there was some wrong performance by counsel, it can't have resulted in prejudice, not only because there was overwhelming evidence of guilt, but because the trial wasn't a credibility contest. Also, of course, the jury was instructed about how to consider evidence of prior convictions. Also, there was no risk that the defendant was convicted based on a credibility assessment, based on those prior convictions, because his testimony was so incredible in other respects. I want to mention one more point, and that is that with regard to the purity ring argument, that defense counsel used that evidence in closing argument. I mentioned that in the brief, but in my time remaining, I want to drive that home, that the victim mentioned that she was wearing a purity ring. The defense counsel, I would argue as a matter of trial strategy, did not object to that statement and weaponized it in closing argument and used that evidence to argue that she was lying about whether she consented to sexual intercourse. So thank you. Thank you. Rebuttal? Your Honor, I was evaluating counsel's performance here in determining whether there was prejudice, and prejudice for the effective assistance of counsel is a question of whether there was a reasonable probability that the outcome of the case would have been different but for counsel's errors. And I think if we get caught in an analysis of if there was emotion limiting, would this have been, would it have been granted, which is somewhat hypothetical looking back in that respect, I think it's important to look at the totality of counsel's performance and determine whether Mr. Gottfried got fair trial, whether he was prejudiced by counsel's ineffective assistance. But if we look at just the severance question, and again there's seven instances of ineffective assistance of counsel here, but we cannot underestimate the magnitude of prejudice when your defense counsel in closing argument admits guilt on the charges, on the police resilience charges. And the video, again the video, the prejudice from the video, it reinforced the state's argument that Mr. Gottfried had this propensity for violence and he was a violent person. And then you consider the prior convictions that trial counsel elicited, and they did not object to the prior convictions in the Montgomery period. Those prior convictions undermined Mr. Gottfried's entire defense because it went to credibility. So we have a visual demonstration of Mr. Gottfried's violence, we have an admission of guilt by defense counsel, we have the elicitation of prior convictions that undermine Mr. Gottfried's credibility when the defense was in question of his credibility. So looking at this broadly, we have to say that defense counsel, but the defense counsel's errors, that the trial could have been different, we don't know, but they were so egregious. And again, there's seven of them. Counsel mentioned counsel's failure to subject the charges to an all-or-nothing strategy. And a strategy has to be reasonable. And counsel admitted guilt on those charges, police-related incidents. It cannot be reasonable, then, to try those cases together. So it was not a reasonable strategy to go for an all-or-nothing win. And there's several other instances of ineffective assistance of counsel. Counsel failed to object to inadmissible hearsay that bolstered the credibility of the complainant. One of those was an ATM, through the testimony of Detective Weisenberg, testified that he found an ATM receipt with withdrawal data, with withdrawal of $300. And on the day of February 22nd of 2020. It had the last four digits of her account number on it. Correct, Your Honor. It did. The argument here is that this was a business record. And no witness testified, to that hearsay exception, that this ATM receipt was generated in the regular course of business activity or that it was kept in the regular course of business activity. So it was inadmissible under hearsay, and it bolstered the complainant's version of events. And it also diminished the claim of defense, of consent. And it reinforced the complainant's testimony. The other hearsay that trial counsel failed to object to pertained to the testimony of a nurse Lise, who testified that the complainant came to the emergency room when she was working and came in for sexual assault. And the complainant told Lise that a black man came into her room at 6 o'clock in the morning, threw her down on the ground and forcibly penetrated her. However, Lise's testimony was not admissible because it was not given for the purpose of medical diagnosis or medical treatment. And so here, again, you have testimony that should not have come to the jury, but for counsel's error, that corroborated and reinforced the complainant's testimony. Thank you, Your Honors. Thank you, counsel, for your arguments. The court will take this matter under advisement and render a decision in due course.